[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13183
Non-Argument Calendar

_____

D. C. Docket No. 04-00545-CR-T-30-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO HURTADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 28, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Orlando Hurtado appeals his sentence for two controlled substance violations. Hurtado argues that (1) the district court violated his rights to trial by jury and due process, under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), by declining to apply a four-level reduction for Hurtado's minimal role in the conspiracy and (2) the district court clearly erred by denying the reduction. We affirm.

In October 2004, the U.S. Coast Guard observed Aventurero, a fishing boat, refueling an unnamed "go-fast" vessel in international waters in the Pacific Ocean. The Coast Guard suspected that the go-fast vessel was being used to transport cocaine into the United States and boarded the vessel to inspect its cargo. The Coast Guard discovered 2193 kilograms of cocaine and arrested the five-member crew. The following day, the Coast Guard boarded the Aventurero, found five 55-gallon fuel drums—four empty and one full—along with hoses, pumps, and tow-lines, and arrested the seven men on board, including Hurtado. All 12 men were indicted on two counts: possession with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, 46 U.S.C. app. § 1903(a), and conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States, id. § 1903(a), (j). Hurtado pleaded guilty to both charges on January 5, 2005.

At his sentencing hearing, Hurtado conceded the factual account of the presentence investigation report. Hurtado objected to the failure of the report to recommend a four-level reduction for being a "minimal participant" in the conspiracy but did not argue that failure to apply the reduction would violate the Constitution. U.S.S.G. § 3B1.2(a). The district court overruled Hurtado's objection but granted a two-level reduction for being a "minor participant." U.S.S.G. § 3B1.2(b). The district court calculated Hurtado's total offense level to be 27 and his advisory guidelines range to be 70 to 87 months of imprisonment and sentenced Hurtado to 70 months of imprisonment.

This Court reviews de novo the constitutionality of a sentence, see United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005), but where the defendant fails to preserve his argument for appeal, we reverse for plain error. United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005). "A district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

We first address Hurtado's constitutional challenge to his sentence. Hurtado argues that the district court violated his rights to trial by jury and due process by failing to reduce his sentence for being a "minimal participant" in the conspiracy. See § 3B1.2(a). Hurtado contends that Booker prohibits the district court from

3

"finding that Mr. Hurtado was more than a minimal participant" because Hurtado "did not admit to being anything more than a minimal participant" and "it was not found beyond a reasonable doubt by a jury." This argument is without merit.

We have held that Booker's prohibition against extra-verdict enhancements is dependent on the mandatory nature of the guidelines. See Shelton, 400 F.3d at 1331 ("Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory."). Even if the failure to grant a reduction under section 3B1.2(a) could be viewed as an "enhancement," the district court sentenced Hurtado under an advisory guidelines scheme. Because the district court did not consider the guidelines to be mandatory, Hurtado's sentence does not violate Booker. See id. The district court did not err.

Hurtado also argues that the denial of a reduction for being a "minimal participant" was clearly erroneous. We disagree. Section 3B1.2(a) provides, "If the defendant was a minimal participant in any criminal activity, decrease by 4 levels." U.S.S.G. § 3B1.2(a). To qualify for this reduction, the defendant must be "plainly among the least culpable of those involved in the conduct of a group." Id. cmt. 4. We require the defendant to show by a preponderance of the evidence that he played a "relatively minor role in the conduct" and that his "relative culpability

4

vis-a-vis that of any other participants" was minimal.  United States v. Ryan, 289 F.3d 1339, 1348-49 (11th Cir. 2002); see also De Varon, 175 F.3d at 939.

The district court did not clearly err by finding Hurtado was not a "minimal participant" under section 3B1.2.  Hurtado admitted that he helped to refuel a boat containing nearly 2200 kilograms of cocaine, and the district court correctly considered the amount of cocaine in determining Hurtado's culpability.  See De Varon, 175 F.3d at 943.  Further, Hurtado failed to present evidence that he was "substantially less culpable than the average participant," but instead argued that some others were more culpable.  The district court properly looked to all members of the conspiracy to which Hurtado pleaded guilty and found Hurtado no less culpable than the other crew members of the Aventurero.  Because Hurtado did not satisfy his burden of proving that he was "plainly among the least culpable of those involved in the conduct of a group," the district court did not clearly err in denying the reduction.

Hurtado's sentence is

**AFFIRMED**.

5